[Civ. No. 8761.   Second Appellate District, Division Two.—January 28, 1935.]

MISAO YOSHIMURA KURATA, Respondent, v. LOS ANGELES NEWS PUBLISHING COMPANY (a Corporation) et al., Appellants.

J. Marion Wright for Respondent.

Newlin & Ashburn and Paul Sandmeyer for Appellants.

WHITE, J., *pro tem.*—Plaintiff brought this action to recover damages for certain alleged libelous matters published of and concerning her in "Los Angeles Japanese Daily News", also known as Rafu Shimpo, a newspaper published in the Japanese language and owned by the corporate defendant Los Angeles News Publishing Company. The defendant Komai is the publisher of the paper.

The case proceeded to trial before a jury and the verdict awarded plaintiff compensatory damages in the sum of $6,000 and exemplary damages in the sum of $1500 against both defendants. The judgment followed the verdict.

On motion for a new trial the court below made its order granting a new trial unless plaintiff would consent to and accept a judgment for $3,500 compensatory damages and no exemplary damages. Plaintiff filed her consent to the remission of damages in accordance with the court's order. From the judgment as finally entered defendants prosecute this appeal.

The record discloses that on November 13, 1928, there was filed in the Superior Court of Los Angeles County by the husband of respondent herein a verified complaint against the minor son of respondent, which complaint alleges that the plaintiff was not the father of a son born to his wife four months after their marriage. The complaint alleges facts in legal phraseology practically what was printed in the paper except the comment regarding the complication of circumstances. The prayer for relief is as follows: "Wherefore, plaintiff prays that by decree of this Honorable Court it be declared and adjudged and decreed: First: That the relation of parent and child does not exist between this plaintiff and the said defendant Frederick Kurata, and that this plaintiff is not the father of said Frederick Kurata is not the child of this plaintiff. Second: That said decree provides that upon the filing of a certified copy thereof in the office or offices where the certificate of birth of said Frederick Kurata is filed, that said certificate of birth of said Frederick Kurata be corrected by striking therefrom the name of this plaintiff as the father of said child. Third:

For such other and further relief and order and declaration in the premises as the court may deem meet and just. Fourth: For costs of this action."

The news of the filing of such complaint in the "Los Angeles Japanese Daily News", also known as Rafu Shimpo, being a newspaper published in the city of Los Angeles, on or about the sixteenth day of November, 1928, was in the following language: "It is Said that the Child Who Was Born Was a Souvenir. A Lawsuit to Deny the Child. It is too soon for a Premature Birth. Birth in Four Months after the Marriage. Under the date of 13th, Mr. Choichi Kurata filed a very unusual suit in the superior court of this county against Frederick Kurata, the child, to deny the parental relations.

"According to the complaint said party was married on November 20, 1923, to Misao Shimura, [also known as Misao Yoshimura] at Long Beach, and that on the 15th day of March of the following year said Frederick was born at Stockton and at present is regarded as his child. It is claimed, nevertheless, that since he had no relation with Misao prior to the marriage, it is a matter of course that the child is someone else's and certainly that he has nothing to do with the child. However, the indications are the inside dope seems to be quite complicated (the circumstances surrounding the case seem to be quite complicated)."

The complaint herein charges the falsity of the facts of said publication, that the falsity thereof was known to defendants and that the publication was maliciously made with intent to and did injure respondent in her good name and reputation, exposed her to ridicule and shame as well as bringing degradation upon her as an unchaste woman, *et cetera.*

By their answers defendants, while denying the correctness of the translation of the alleged libelous article as set forth in plaintiff's complaint, admitted that an article was published in the newspaper of and concerning plaintiff; which said article was interpreted at the trial to be as hereinabove set forth. Defendants denied the falsity of such article as well as malice, and for a further defense defendants set up in their answers that the article printed by them was a fair and true report of the allegations contained in the superior court action above referred to; that said pub-

lication was an item of current public news, published by them without malice and in the belief of its truth.

Two sections of the Civil Code are involved in this proceeding, section 45 thereof specifying that libel is a false and untruthful publication which has a tendency to expose anyone to hatred, contempt, ridicule, etc., and subdivision 4 of section 47 relative to privileged communications. This subdivision eliminates from the law of libel a fair and true report, without malice, of a judicial, legislative or other public official proceeding.

Respondent contends that a mere pleading, such as a complaint placed on file by a single party, unanswered and not having been placed within the scrutiny of any court or judge, is not a "judicial proceeding" within the meaning of subdivision 4 of section 47 of the Civil Code.

An action is defined by section 22 of the Code of Civil Procedure as an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

■ We hold that a lawsuit from beginning to end is in the nature of a judicial proceeding, the filing of a complaint being the first step therein, and that the subsequent pleadings are successive steps therein. (Sec. 405, Code Civ. Proc.)

■ Publication without malice of a truthful report that a charge has been made in the complaint filed in an action is clearly within the protection afforded by subdivision 4 of section 47 of the Civil Code, because the filing of a pleading is a public and official act in the course of judicial proceedings. (*Mortensen* v. *Los Angeles Examiner*, 112 Cal. App. 194, 201 [296 Pac. 927]; *Reid* v. *Thomas*, 99 Cal. App. 719 [279 Pac. 226]; *Irwin* v. *Newby*, 102 Cal. App. 110 [282 Pac. 810, 283 Pac. 370].)

■ It is well settled that a defendant is not required in an action of libel to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting of the libelous charge be justified, and if the gist of the charge be established by the evidence the defendant has made his case. "A plea of justification is sustained by justifying so much of the defamatory matter as constitutes the sting of the charge. It is unnecessary to repeat and

justify every word of the alleged defamatory matter if the substance of the charge be justified. If the substantial imputations be proved true, a slight inaccuracy in the details will not prevent a judgment for the defendant, if the inaccuracy does not change the complexion of the affair so as to affect the reader of the article differently than the actual truth would.'' (Sutherland on Damages, vol. 3, p. 2626.) It is not the mere fact that a difference exists between the published report of what the complaint in the proceeding charged and what was actually alleged in the complaint, but rather is the difference of a substantial character and does it produce a different effect. ▪ It seems clear that the published article was a fair and substantial account of the complaint written by a reporter and finally published without any unusual circumstances obtaining. ▪ The lower court was right in striking the item allowed for exemplary damages as there was no evidence whatever to sustain malice, and malice is not presumed from privileged publications. (*Davis* v. *Hearst*, 160 Cal. 143 [116 Pac. 530]; *White* v. *Nicholls*, 3 How. 266 [11 L. Ed. 591].)

By reason of the foregoing, we are of the opinion from the nature of the controversy herein that the plaintiff cannot prevail in a suit for libel growing out of the publication in question (*Oakland Paving Co.* v. *Bagge*, 79 Cal. 439 [21 Pac. 855]) and it is therefore ordered that the judgment appealed from be reversed and the cause remanded with directions to the court below to enter judgment for the defendants.

Stephens, P. J., and Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1935.