**No. C-203**

**Lawrence D. Gomba v. Harold McLaughlin**
(504 P.2d 337)

Decided December 18, 1972.     Rehearing denied January 8, 1973.

Kaufman, Greenwald and Machol, P.C., Jack Greenwald, for petitioner.

Victor E. DeMouth, Robert C. Floyd, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Certiorari was granted in this case to review the decision of the Court of Appeals, 30 Colo. App. 315, 493 P.2d 684, affirming the granting of respondent McLaughlin's motion for a summary judgment by the trial court in a libel action brought against Gomba, the petitioner here. We disagree and therefore reverse.

I.

The central issue is whether there was a genuine issue of fact which should have been resolved by the jury. R.C.P. Colo. 56(c). Gomba, defendant in the trial court, admitted writing and publishing the letter which contained the statement found by the trial court to be libelous *per se.* However, he claims that the statement was true, or, at least, substantially true, and as such was an absolute defense to libel.

An abridged statement of the facts is necessary in order to better understand the discussion of the law. The plaintiff, defendant, and Mrs. Brown, to whom defendant wrote the letter, and the three individuals to whom copies of the letter to Mrs. Brown were sent, are all dog fanciers and together are members of several dog clubs. There had existed for several years an underlying friction among some members of the clubs.

Mrs. Brown wrote an accusatory letter to Gomba which provoked the statement giving rise to this litigation. In Gomba's letter in reply, he said:

". . . it was certainly never in such poor taste as the ringside bickering which you inflict upon your poor husband at every show, *nor as devastating as the action taken by Mr. McLaughlin at Cheyenne a few years back when he bodily assaulted an elderly gentleman in the show ring.*" (Emphasis added.)

McLaughlin denied that he had ever assaulted an elderly gentleman at Cheyenne or anywhere else. So far as the record discloses, it was true that he had not assaulted anyone at

Cheyenne. However, although McLaughlin denies it, pretrial discovery indicates that he did assault a gentleman *from* Cheyenne at a dog show held near Brighton, Colorado.

The Court of Appeals, in resolving the question of fact in reference to the "truth is a defense" issue, stated:

"The trial court found, and we agree, that as a matter of law, proof that McLaughlin committed an assault near Brighton, would not support a defense of truth."

In a dissenting opinion, Judge Dufford called attention to Article II, Section 10 of the Constitution of Colorado, relating to freedom of speech. It bears directly on the problem before us. So far as directly material, it reads:

". . . and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact."

█ The right to assert "the truth thereof" is a constitutional right and, if established to the satisfaction of the finder of fact, is an absolute defense to a libel action. The factual context here raises the question of whether "the truth thereof" must be proven to be *absolute* and *literal* in every detail, or whether it is sufficient to show that the "gist" or the substance of the asserted defamatory statement constitutes "the truth thereof."

█ It may be true that McLaughlin did in fact assault an elderly person in the show ring, although it occurred near Brighton to a man *from* Cheyenne, rather than *at* Cheyenne. If so, the alleged defamatory assertion was accurate as to the assault on an elderly man at a dog show. That is the conduct which relates to the derogatory character trait of the person alluded to and would constitute the "gist" of the alleged defamation of character. The odium associated with the alleged act is equally as despicable whether the assault occurred in Cheyenne or near Brighton. Geographical discrepancy alone is immaterial when the proper legal test is applied to determine the truth as it relates to the alleged defamatory statement. These are questions to be determined by the fact finder.

█ Truth is an absolute defense in a libel action,

whether civil or criminal. Colo. Const., art. II, § 10; *Brown v. Barnes,* 133 Colo. 411, 296 P.2d 739 (1956); C.R.S. 1963, 52-1-26; C.R.S. 1963, 40-8-12. While it is true that initially courts required proof of the literal truth of the entire statement, *Swann v. Rary,* 3 Ind. (Blackf.) 298 (1833), Colorado, as early as 1890, recognized the injustice in the literality requirement and impliedly approved the defense of truth where the "material" elements of the alleged defamation were true. *Republican Publishing Co. v. Mosman,* 15 Colo. 399, 24 P. 1051 (1890). The trend of the law is toward the recognition of *substantial* rather than *absolute* truth as a defense to allegedly libelous statements. *Prosser, Law of Torts* 798 (4th ed. 1971) and cases cited therein.

■ Common sense dictates a relaxation of the strictness of the old rule, and we now formalize the rule which should be followed in Colorado: A defendant asserting truth as a defense in a libel action is not required to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting, of the matter is true. *Heuer v. Kee,* 15 Cal.App.2d 710, 59 P.2d 1063 (1936); *Prosser, Law of Torts, supra.*

■ The question, a factual one, is whether there is a substantial difference between the allegedly libelous statement and the truth; or stated differently, whether the statement produces a different effect upon the reader than that which would be produced by the literal truth of the matter.

This rule was recognized by the court's committee on Civil Jury Instructions, wherein it promulgated this instruction on "Affirmative Defense — Truth":

"If you find that the defendant (name), published the alleged words, or words substantially similar thereto, and that these words defamed the plaintiff (name), then you must consider whether or not the words were substantially true. *Substantial truth is an absolute defense.* The burden is on the defendant to prove that the publication was substantially true." (Emphasis added.) *Colo. Jury Instructions,* 22:10.

*See also Turnbull v. Herald Company,* 459 S.W.2d 516

(Mo. App. 1970); *Heuer v. Kee, supra.*

## II.

Ancillary to the central issue discussed under I. above is one relating to the application of R.C.P. Colo. 37(c) under the circumstances of this case. The petitioner assigned error to the court's ruling denying his motion for expenses and attorney's fees under R.C.P. Colo. 37(c). Under this rule as it existed prior to April 1, 1970, the party requesting the admissions was entitled to the reasonable expenses incurred in proving the truth of the fact, unless the court found that there were good reasons for the denial or that the admissions sought were of no substantial importance. The court justified its denial of Gomba's motion on the basis that the evidence in support of the alleged assault by McLaughlin near Brighton was immaterial and inconsistent with the entry of the summary judgment.

█ To resolve this issue we must determine whether the basis for the court's ruling constituted adequate reasons therefor or whether the admissions sought to be established were of "no substantial importance." As noted above, evidence of the truth of any allegedly libelous statement is admissible. Colo. Const. art. II, § 10. Such evidence is allowable even where the libel is *per se, Rocky Mountain News v. Fridborn,* 46 Colo. 440, 104 P. 956 (1909); or where the publication is admittedly false. *Republican Publishing Co. v. Mosman, supra.*

We further note the relevance of C.R.S. 1963, 52-1-26, which provides:

"In an action for libel or slander the defendant, in his answer, may allege both the truth of the matter charged as defamatory and any mitigating circumstance to reduce the amount of damages; and whether they prove the justification or not, he may give the evidence of mitigating circumstances."

█ Taking this statute and the constitutional language of article II, section 10, together, it is clear that the law requires that the defendant in a libel action be allowed to put in any evidence which is material to proof of justification or

which tends to mitigate the damages. Since the evidence, the marshalling of which created the expenses, was admissible, the trial court erred in not awarding to defendant the reasonable expenses and attorney's fees incurred in disproving the plaintiff's denial of the fact of the Brighton assault.

III.

The Court of Appeals in part IV. of its opinion noted that Gomba alleged error on the part of the trial court in granting the summary judgment because defendant's statement was a conditionally privileged communication. The Court of Appeals declined to consider the point because it was not raised in Gomba's answer nor assigned as error in his motion for a new trial. In view of the fact that this case is being reversed on other grounds, we, too, elect not to consider the issue at this time. However, on remand the defendant shall have the right to amend his answer if he so desires, thereby permitting this issue to be litigated in the trial court. C.R.C.P. 15.

The judgment of the Court of Appeals is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE ERICKSON does not participate.