Robert BRUEGGEMEYER et al.,
Plaintiffs-Appellants,

v.

ASSOCIATED PRESS et al.,
Defendants-Appellees.

No. 78–1023.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1980.

Philip R. Russ, Dallas, Tex., for plaintiffs-appellants.

Patrick F. McGowan, Dallas, Tex., Richard N. Winfield, Rogers & Wells, New York City, for Associated Press.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., D. L. Case, Dallas, Tex., for KDFW–TV.

Before THORNBERRY, GODBOLD and TATE, Circuit Judges.

PER CURIAM:

Appellants are corporations, and officers and shareholders thereof, engaged in the retail sale of beef. They brought this Texas action for libel and invasion of privacy after appellees distributed news reports that stated appellants were ordered by a Washington state court to make restitutions to consumers that "could total" up to $700,-000. The district court granted summary judgment for appellees on both claims. We affirm.

In 1974 appellants consented to entry of a judgment against them in the state of Washington. The judgment provided, in essential part, that appellants had engaged in unfair methods of competition and unfair and deceptive acts and practices in violation

of Washington law,[1] and that they would restore all money obtained by deception, either by settling consumers' claims or by referring unsettled or rejected claims to specially appointed masters. One of appellees' reporters questioned a member of the Washington Attorney General's office about the claims, and was told that known claims averaged $500 each and that appellants would be required to mail 1,400 letters to consumers advising them of their right to press a claim. Multiplying 1,400 by $500, the reporter stated in the challenged news reports that appellants' liability "could total" $700,000 to 1,400 customers.[2]

The reports constitute substantially accurate accounts of the Washington judgment and the reporter's conversation with the Attorney General's office. A statement that is substantially true is not defamatory. *Gulf Construction Co. v. Mott*, 442 S.W.2d 778, 784 (Tex.Civ.App.1969). There was also no invasion of privacy in the accurate reporting of a newsworthy event, as it does not fall within one of the four well-recognized categories of the tort. *See Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562, 571 n.7, 97 S.Ct. 2849, 2855, 53 L.Ed.2d 965, 973–74 n.7 (1977); Warren & Brandeis, *The Right to Privacy*, 4 Harv.L.Rev. 193 (1890). Since the news report is, therefore, not actionable, we need decide no other questions raised by appellants. *Southard v. Forbes*, 588 F.2d 140, 145 n.9 (5th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 62, 62 L.Ed.2d 41 (1979).

AFFIRMED.

---

1. Appellant's illegal practices consisted primarily of "bait and switch" tactics.

2. The relevant portions of the reports read as follows:

   Freezer beef firms in five Washington cities were ordered Tuesday to make restitutions for "bait and switch" advertising that could total $700,000 to 1,400 customers, the attorney general's office said.
   A spokesman for the Consumer Protection Division said the customer list involved 1,400 names and an average purchase of $500.