636 P.2d 1257

**Robert H. FENDLER,
Plaintiff-Appellant,**

v.

**PHOENIX NEWSPAPERS INC., an Arizona corporation, Nina Pulliam, Mason Walsh, Darrow Tully, Frederic S. Marquardt, Pat Murphy, William Shover and Does I through XXX, inclusive, Defendants-Appellees.**

**No. 1 CA–CIV 5205.**

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 3, 1981.

Robert H. Fendler, Phoenix, in pro. per.

Gust, Rosenfeld, Divelbess & Henderson by James F. Henderson and Dean G. Kallenbach, Phoenix, for defendant-appellee Phoenix Newspapers, Inc.

## OPINION

CONTRERAS, Presiding Judge.

This appeal presents the questions of whether substantial truth is a complete defense in a libel action and whether, under some circumstances, a determination of substantial truth is a question of law for the court. We answer both questions affirmatively, and therefore affirm a summary judgment for appellees on one count of appellant's amended complaint and the dismissal of the remaining counts.

## FACTUAL BACKGROUND

The background chronology of events that transpired prior to the commencement of the present civil action is best understood from the following excerpt of a prior decision of this court.

> On March 7, 1977, Robert H. Fendler (appellant), James R. Holman and Leonard H. Foreman were charged in a seventeen count indictment with criminal conduct in connection with the operation of several financial institutions headquartered in Phoenix, Arizona. The firms involved included the Lincoln and American Thrift Associations and the American Bank of Commerce. On October 13, 1977, co-defendant, Leonard Foreman, entered into a plea agreement with the state and pled guilty to the charge of conspiracy. (Count One). The trial subsequently commenced on October 17, 1977, and continued through February 27, 1978, at which time the jury found appellant guilty of conspiracy, A.R.S. § 13–331 (now A.R.S. § 13–1003), false book entry, A.R.S. § 10–193 (now A.R.S. § 10–136), and failure to file a state corporate income tax return. A.R.S. § 43–179 (now A.R.S. § 43–842). On April 14, 1978, the trial court dismissed the conspiracy count on the basis of duplicity and thereafter entered judgments of guilt on each of the remaining two counts. Appellant was sentenced to serve not less than one nor more than three years on the failure to file count, and not less than four nor more than five years on the false book entry count.

*State v. Fendler*, 127 Ariz. 464, 468–69, 622 P.2d 23, 27–28 (App.1980), *rev. denied*, December 23, 1980, *cert. denied*, —— U.S. ——, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). In 1980, appellant's conviction and sentence on the false book entry count was affirmed, and the conviction on the failure to file count was reversed and remanded for a new trial. *Id.* The disposition on the criminal appeal is not relevant here since it occurred after the alleged defamation which is the subject of the present civil appeal.

Following appellant's conviction and sentence, and while he was released on bail pending an appeal of his conviction and sentence, an editorial published in the Arizona Republic on September 5, 1978, stated, in pertinent part:

> This year Garfield reportedly told a political meeting, "I don't know much about Lincoln Thrift, but Mr. Fendler is supporting my opponent, Stan Akers.
>
> *Actually, Fendler is doing four-to-five years in prison because of his fraudulent practices at Lincoln Thrift....*

(emphasis added). On September 12, 1978, appellant filed a complaint in the Superior Court of Maricopa County, naming Phoenix Newspapers, Inc. and several of its officers and employees in their individual capacities as defendants and alleging that appellant was defamed by the above statement.

On September 20, 1978, an article in the Arizona Republic stated, in pertinent part:

> Fendler also is appealing a *five-year state prison term* he received in Maricopa County Superior Court for a *fraud conviction* stemming from the collapse of the two thrift firms.

(emphasis added). That same day, appellant filed an amended complaint identical to the original complaint except for the addition of a seventh count. The new count alleged defamation based upon the above statement.

On October 2, 1978, appellees filed a motion to dismiss counts two through seven on grounds that they failed to state a claim and, further, that they were based upon the same publication as count one and were thereby precluded by A.R.S. § 12–651 which limits a plaintiff to "... one cause of action ..." for a single publication. The trial court dismissed counts two through six by a minute entry dated November 9, 1978.

Appellees filed a second motion to dismiss count seven on November 14, 1978, on grounds that the truth of the September 20, 1978, article constitutes an absolute defense to defamation. The trial court granted the

motion to dismiss count seven by minute entry dated January 23, 1979.[1]

On September 7, 1979, appellees filed a motion for summary judgment on the remaining count, on the grounds that the September 5, 1978, editorial was substantially true and therefore could not be libelous. Following oral argument, the trial court granted the motion. Formal judgment was entered on November 5, 1979, in favor of Phoenix Newspapers, Inc. An amended judgment was entered on December 17, 1979, granting judgment on the complaint to Phoenix Newspapers, Inc. and the individual defendants. This appeal followed.

The issues raised in this appeal are whether the trial court erred by failing to permit issues of the falsity of the September 5, 1978, editorial or existence of malice to go to the jury; whether the trial court erred by dismissing counts two through seven; and whether the trial judge erred by failing to recuse herself. We affirm the judgment of the trial court.

## SUBSTANTIAL TRUTH AS A DEFENSE

■ Appellant's brief on appeal addresses only the September 5, 1978, editorial. Appellant contends that the editorial is false in stating that he was "doing four-to-

five years in prison" because at the time the editorial was published he was free (i. e., released) on bail pending an appeal of his conviction and sentence. Appellees acknowledge the inaccuracy of the statement that appellant was in prison when the editorial was published but argue that the editorial was substantially true and is therefore not actionable.[2]

■ We consider first the general question of whether substantial truth is a complete defense to defamation. Arizona courts have long held that truth is a complete defense to an action for defamation. However, these cases do not specifically address the question of substantial truth as a defense. See, e. g., Cullison v. City of Peoria, 120 Ariz. 165, 584 P.2d 1156 (1978); Central Arizona Light and Power Co. v. Akers, 45 Ariz. 526, 46 P.2d 126 (1935). In deciding whether substantial truth, like absolute truth, should provide a complete defense to defamation, we look to the Restatement (Second) of Torts, which Arizona will follow in the absence of authority to the contrary. See MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211 (1958); Barnum v. Rural Fire Protection Co., 24 Ariz.App. 233, 537 P.2d 618 (1975).

■ The Restatement (Second) of Torts, § 558 (1977), sets forth the elements of an action for defamation and provides in part:

1. We note that dismissals of counts 2–7 were by minute entry orders. No formal judgments were entered. However, the judgment of November 5, 1979, and the amended judgment of December 17, 1979, grant judgment "on the complaint" for defendants against plaintiff. We conclude that the prior orders of dismissal were incorporated thereby in the final judgment.

2. Appellant further argues in his brief that the editorial is false because it inaccurately describes his conviction as one for "fraudulent practices." Appellees emphasize that appellant had been convicted of false book entry and failure to file income tax returns, but do not directly address the issue of the alleged falsity of the editorial statement that appellant was convicted of "fraudulent practices."
   There is nothing in the complaint itself nor in appellant's responsive pleadings to the motion for summary judgment indicating that appellant was at that time alleging falsity of the term "fraudulent practices." (Cf. the allegations of Count Seven, discussed below). Appellant has chosen not to provide this court with a transcript of the hearing on the motion for summary judgment and we will not presume that this issue was raised in the hearing. Appellant is precluded from raising for the first time on appeal an argument not advanced at trial level. Conner v. El Paso Natural Gas Co., 123 Ariz. 291, 599 P.2d 247 (App.1979); Apache East, Inc. v. Wiegand, 119 Ariz. 308, 580 P.2d 769 (App.1978). On appeal from summary judgment this court will not consider new theories raised in order to secure reversal of the lower court's determination. Crook v. Anderson, 115 Ariz. 402, 565 P.2d 908 (App.1977).

To create liability for defamation there must be:

(a) a *false* and defamatory statement concerning another. . . .

(emphasis added)

The Restatement (Second) of Torts, § 581(A) (1977) provides:

One who publishes a defamatory statement of fact is not subject to liability for defamation if the statement is true.

Comment f to § 581(A) provides in part:

It is not necessary to establish the literal truth of the precise statement made. Slight inaccuracies of expression are immaterial provided that the defamatory charge is *true in substance.*

(emphasis added).

Numerous jurisdictions which have considered the issue have adopted the Restatement position that substantial truth is sufficient to defeat an action for defamation. For example, in *Kurata v. Los Angeles News Publishing Co.,* 4 Cal.App.2d 224, 227, 40 P.2d 520, 522 (1935), the California Court of Appeal stated:

It is well settled that a defendant is not required in an action of libel to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting of the libelous charge be justified, and if the gist of the charge be established by the evidence, the defendant has made his case.

This standard has been reaffirmed by the California courts on numerous occasions and similar, if not identical, standards have been adopted in other jurisdictions. *See, e. g., Alioto v. Cowles Communications, Inc.,* 623 F.2d 616 (9th Cir. 1980); *Maheu v. Hughes Tool Co.,* 569 F.2d 459 (9th Cir. 1977); *Orr v. Argus-Press Co.,* 586 F.2d 1108 (6th Cir. 1978); *Brueggemeyer v. Associated Press,* 609 F.2d 825 (5th Cir. 1980);

*Gomba v. McLaughlin,* 180 Colo. 232, 504 P.2d 337 (1972); *Hein v. Lacy,* 228 Kan. 249, 616 P.2d 277 (1980); and *Prahl v. Brosamle,* 98 Wis.2d 130, 295 N.W.2d 768 (App.1980). *See generally* Prosser, Law of Torts, ch. 19, § 116 at 798 (4th ed. 1971). We find these decisions persuasive and hold that if an allegedly defamatory statement is substantially true, it provides an absolute defense to an action for defamation.

## SUBSTANTIAL TRUTH AS A QUESTION FOR THE COURT

Accordingly, we are left with appellant's assertion that the trial court erred in refusing to allow the issue of the falsity of the editorial statement describing appellant as "doing four-to-five years in prison" to reach the jury. It is appellant's position that the determination of substantial truth is a matter for the trier of fact, while appellees contend that this determination was properly made by the court as a matter of law.

■ Appellant argues that a jury as a trier of fact could have found that the editorial falsely stated he was "doing four-to-five years in prison" when he was free pending appeal. However, there was no factual dispute over either the contents of the allegedly defamatory editorial or the inferences to be drawn therefrom. All parties agreed that appellant was free pending appeal but that the editorial could have led the public to believe that he was in jail following conviction and sentencing. While it is the function of a jury to determine factually whether an allegedly defamatory statement is true,[3] in the instant case the parties agreed as to the factual distinction between the editorial and the actual status of appellant pending appeal of his conviction. Had there been a dispute over the facts underlying the defense of substantial

---

3. The Restatement (Second) of Torts, § 617 (1977) provides in part:

Subject to control of the court whenever the issue arises, the jury determines whether
. . . .

(b) the matter was true or false. . . .

Comment (a) to this section further states, ". . . the question of whether the defamatory imputation is true is ordinarily for the jury."

truth, summary judgment would have been improper. *See Maheu v. Hughes Tool Co., supra; Gomba v. McLaughlin, supra.* Here, there was no factual determination for the jury to make. Rather, the issue was whether the "gist" or "sting" of the libelous charge was substantially different because of the distinction between the editorial and the facts of appellant's status following conviction and sentence.

■ Without directly addressing whether such determinations are for judge or jury, courts have made such determinations as a matter of law. *See, e. g., Anderson v. Stanco Sports Library, Inc.*, 542 F.2d 638 (4th Cir. 1976); *Simonson v. United Press Int'l, Inc.*, 500 F.Supp. 1261 (E.D.Wis.1980); *Hein v. Lacy, supra*; and *Prahl v. Brosamle, supra.* We find that, where the underlying facts are undisputed, the determination of substantial truth is a matter for the court.

### SUBSTANTIAL TRUTH IN THIS CASE

■ Appellant has also argued that the trial court erred in finding "substantial truth" because the distinction between the editorial and the actual truth was so significant that it could not be characterized as "substantially true." The editorial accurately reflects that appellant had been found guilty of criminal acts and had been sentenced to 4–5 years in prison. While the editorial incorrectly states that appellant had commenced serving his sentence, only appellant's pending appeal and the posting of bond kept him out of prison as of the date the editorial was published. Appellant argues that the editorial misstatement cannot be deemed a "slight inaccuracy." There is little doubt that appellant personally found it highly meaningful that he had been released on bond rather than being

incarcerated in prison pending his appeal. However, for purposes of damage to reputation, which is the interest protected by an action for defamation, we believe the inaccuracy in the editorial was not significant.

■ Damage to reputation flows not from being in a prison facility per se, but from the fact that the person has been adjudged guilty of a crime by a court of law. *Cf. Anderson v. Stanco Sports Library, Inc., supra.*[4] The enduring and uncontroverted fact is that appellant *had* been convicted and sentenced to prison, and the substantial "sting" is the same, whether he had started his prison term or will never actually spend time in prison. We therefore conclude the trial court correctly determined that the September 5, 1978, editorial was substantially true and properly granted summary judgment.

### MALICE

■ Appellant also argues that whether appellees acted with malice in publishing the editorial was a jury issue. However, having correctly held that the editorial was substantially true, it was unnecessary for the trial court to submit this issue to a jury. If the editorial was true, appellees' publication was not actionable even if the statements were made with actual malice. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

### DISMISSAL OF COUNTS 2–6

■ We turn next to appellant's contention that the trial court erred in dismissing the remaining counts of his complaint. Counts two through six were also based upon the September 5, 1978, editorial. Having determined that the editorial was substantially true and that this provides a

4. Plaintiff had been convicted of murder and brought an action against defendant who had published a story based upon the court record including transcripts of the trial. Plaintiff charged the defendants had embellished upon the record. The court granted summary judg-ment for the defendant, stating that the defendant's statements "did not cause [plaintiff's] 'good name' to be sullied any more than it already had been by the fact of his murder conviction." 542 F.2d at 641.

complete defense to a charge of defamation, this defense would be equally applicable to all counts based on the September 5, 1978, editorial, and bar recovery pursuant to counts two through six of the complaint. It is therefore unnecessary to consider appellant's allegations that the trial court erred in dismissing these counts. The reasons for orders of dismissal are surplusage and only the correctness of the trial judgment will be considered on appeal. *Collier v. Stamatis,* 63 Ariz. 285, 162 P.2d 125 (1945). *See also Cross v. Cross,* 94 Ariz. 28, 381 P.2d 573 (1963); *Espil Sheep Co. Inc. v. Black Bill & Doney Parks Water Users Ass'n,* 16 Ariz. App. 201, 492 P.2d 450 (1972). We hold that the trial court properly granted judgment for appellees on counts two through six of the amended complaint.

### DISMISSAL OF COUNT 7

■ The dismissal of count seven of appellant's complaint requires different considerations. In count seven, appellant alleged that the September 20, 1978, article was defamatory in stating that appellant had been convicted of fraud stemming from the collapse of two thrift firms. In his pleadings before the trial court, appellant argued that it was false to refer to his "fraud conviction" because he had not been convicted under Arizona's fraud statutes, A.R.S. §§ 13–311 *et seq.* (now A.R.S. §§ 13–2310 and 13–2311).[5] The record indicates that appellant had been convicted of false book entry and failure to file an income tax return. The Restatement (Second) of Torts § 581(A) comment f (1977) provides:

> It is also the truth or falsity of the particular charge that is to be determined. It is not enough that the accused person is found to have engaged in some other substantially different kind of mis-

conduct even though it is equally or more reprehensible. . . . However, *many charges are made in terms that are accepted by their recipients in a popular rather than a technical sense.* Thus a charge of theft may be reasonably interpreted as charging any form of criminally punishable misappropriation, and its truth may be established by proving the commission of any act of larceny or embezzlement.

(emphasis added).

There is no indication in the September 20, 1978, article that the term "fraud conviction" was intended to refer specifically to a conviction pursuant to a particular statute. Further, the jury instructions relative to the charge of false book entry required a finding of "intent to defraud" for conviction. Under these circumstances, we find the newspaper's characterization of appellant's conviction for "fraud", used in its popular sense, to be substantially true. *Cf. Orr v. Argus-Press Co., supra,* 586 F.2d at 1112. Therefore, the trial court correctly dismissed count seven of the complaint and properly granted judgment to defendants.

### RECUSAL

■ Finally, we address appellant's argument that the trial judge should have recused herself "when asked to do so." The record reflects no notice for change of judge either as a matter of right pursuant to Rule 42(f)(1) or for cause pursuant to Rule 42(f)(2), Arizona Rules of Civil Procedure. The right to apply for a change of judge for cause is waived if not timely filed. *Smith v. Rabb,* 95 Ariz. 49, 386 P.2d 649 (1963); *Marsin v. Udall,* 78 Ariz. 309, 279 P.2d 721 (1955). Further, there are no transcripts in the record to support appellant's claim that the trial judge was asked to

---

5. Appellant has raised this issue in his brief in connection with the September 5, 1978, editorial rather than the September 20, 1978, article. However, we are treating its applicability to the latter publication since this issue was before the trial court. We also note that in the trial court appellant also argued that the September 20, 1978, article was false because his convictions were not connected with the demise of Lincoln Thrift Association. This argument has not been made in appellant's brief and we deem it abandoned on appeal.

recuse herself. Under these circumstances, appellant's argument is wholly without merit.

The judgment is affirmed.

OGG and CORCORAN, JJ., concur.