NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE H. LARSON, an individual, | No. 11-17039 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00185-DGC |
| v. | |
| UNITED NATURAL FOODS WEST INC., a California Corporation, SYSCO ARIZONA INC., and UNKNOWN PARTIES named as John and Jane Does, I-X; Black and White Partnerships, I-X; and ABC Corporations, I-X, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted May 15, 2013
San Francisco, California

Before: MCKEOWN and WATFORD, Circuit Judges, and DUFFY, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

George Larson appeals from the District Court's grant of summary judgment for United Natural Foods West Inc. ("UNFI") and Sysco Arizona Inc. ("Sysco") on his claims under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and common-law negligence. UNFI terminated Mr. Larson, a commercial truck driver, after an audit revealed that Mr. Larson tested positively for alcohol when he was employed at Sysco, and a substance abuse professional ("SAP") diagnosed him with alcohol dependence. For the reasons discussed below, we affirm.

## I.  Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.  Standard of Review

This court reviews a district court's order granting summary judgment de novo. Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 992 (9th Cir. 2012). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Milton H. Greene Archives, Inc., 692 F.3d at 992.

## III.  FMLA

The District Court properly dismissed Mr. Larson's FMLA claim on the

basis that Mr. Larson is not an FMLA-covered employee. The FMLA specifically excludes from its coverage an employee at a worksite where the employer has fewer than 50 employees within 75 miles of that location. 29 U.S.C. § 2611(2)(B)(ii). For truck drivers like Mr. Larson, "their worksite is the terminal to which they are assigned, report for work, depart, and return after completion of a work assignment." 29 C.F.R. § 825.111(a)(2); see also Bader v. N. Line Layers, Inc., 503 F.3d 813, 819–20 (9th Cir. 2007). The Ryder yard in Phoenix, Arizona was Mr. Larson's worksite because that is where Mr. Larson physically reported for work each day, received his deliveries, returned at the end of the day, and punched in and out of the UNFI time clock. There is no dispute that UNFI employed fewer than 50 persons within 75 miles of the Ryder yard. Because the Ryder yard was Mr. Larson's worksite, Mr. Larson is not covered by the FMLA.

## IV. ADA

The ADA prohibits covered entities, such as employers, from discriminating against a qualified individual with a disability because of his or her disability. 42 U.S.C. § 12112(a). Under the ADA, "an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a qualified individual with a disability, and (3) discriminated against because of the disability." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 988 (9th Cir. 2007) (en banc) (internal quotations

3

omitted).  Mr. Larson is not a qualified individual.

To determine if someone is a qualified individual, courts consider whether the individual can perform the essential functions of their position with or without a reasonable accommodation.  42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); see Bates, 511 F.3d at 989.  "Essential functions" are "fundamental job duties of the employment position . . . not includ[ing] the marginal functions of the position." Bates, 511 F.3d at 989 (quoting 29 C.F.R. § 1630.2(n)(1)); see Cripe v. City of San Jose, 261 F.3d 877, 887 (9th Cir. 2001).  If a disabled person cannot perform a job's essential functions, even with a reasonable accommodation, then the ADA's employment protections do not apply.  Bates, 511 F.3d at 989.

Being physically qualified under DOT regulations is an essential job function for UNFI's commercial drivers.  Mr. Larson was not physically qualified to be a commercial driver under DOT regulations since he had a current diagnosis of alcoholism.  See 49 C.F.R. §§ 391.41(a)(1)(i), (b)(13). And an indefinite, but at least six-month long, leave of absence to permit him to fulfill the SAP's treatment recommendations so that he might eventually be physically qualified under the DOT regulations is not a reasonable accommodation.  See Dark v. Curry Cnty., 451 F.3d 1078, 1090 (9th Cir. 2006) ("recovery time of unspecified duration may not be a reasonable accommodation"), cert. denied, 549 U.S. 1205 (2007); Wood v.

4

Green, 323 F.3d 1309, 1314 (11th Cir. 2003) (requesting an indefinite leave of absence is unreasonable as a matter of law), cert. denied, 540 U.S. 982 (2003); Hudson v. MCI Telecomms. Corp., 87 F.3d 1167, 1169 (10th Cir. 1996) (for a requested accommodation to be reasonable, the plaintiff must present evidence of the impairment's expected duration, and not the duration of the leave request).

Mr. Larson also argues that UNFI violated the ADA when it required him to undergo a SAP evaluation. However, Mr. Larson did not plead this in his Amended Complaint and is foreclosed from raising it now. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 953 (9th Cir. 2001).

### V. Negligence

To prove negligence under Arizona law, "the plaintiff must prove the existence of a duty, a breach of that duty, causation, and damages." Seisinger v. Siebel, 203 P.3d 483, 492 (Ariz. 2009). Even assuming without deciding that Sysco had a duty to provide truthful information, there was no breach because Sysco responded truthfully to the questions posed.

Mr. Larson's chief complaint is that the confirmatory test (the second one, at 0.032 BAC), rather than the screening test (the first one, at 0.040 BAC), is the relevant metric for what constitutes a DOT alcohol violation, see 49 C.F.R. § 40.285(b) ("For purposes of this subpart . . . a DOT alcohol test with a result

5

indicating an alcohol concentration of 0.04 or greater . . . constitutes a DOT drug and alcohol regulation violation."), and Sysco only reported the screening test to UNFI. However, the form that Sysco's employee, Martin Bean, filled out did not differentiate between a screening test and a confirmatory test. Mr. Bean accurately and truthfully indicated on the form that Mr. Larson "had an alcohol test with a result of 0.04 or higher alcohol concentration." Moreover, DOT regulations require previous employers to inform prospective employers of drivers' "[a]lcohol tests with a result of 0.04 or higher alcohol concentration," without differentiating between screening and confirmatory tests. 49 C.F.R. § 40.25(b)(1).

Mr. Larson also argues that Sysco's employees falsely reported that he had been terminated, but Sysco's employees' statements were accurate given that Mr. Larson resigned under threat of termination. See Fendler v. Phoenix Newspapers, Inc., 636 P.2d 1257, 1261 (Ariz. Ct. App. 1981) ("Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance.").

## VI. Conclusion

We affirm the District Court's grants of summary judgment to UNFI and Sysco. Mr. Larson's worksite was not FMLA-qualified, he is not a qualified individual under the ADA, and Sysco breached no duty to him.

**AFFIRMED.**

6