**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN EDWARD MALNES, | No. 16-15059 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-08113-GMS |
| v. | |
| CITY OF FLAGSTAFF; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 5, 2018**
San Francisco, California

Before: D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

Brian Malnes ("Malnes") appeals pro se the district court's dismissal of his

civil rights and state law claims against various school, city, and law enforcement

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

officials.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we **affirm in part and dismiss in part**.

1.  The district court ruled on the Arizona Defendants' Motion for Judgment on the Pleadings after all the defendants in this action had filed an answer, and hence, "[a]fter the pleadings [had] closed," in compliance with Federal Rule of Civil Procedure 12(c).  *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (emphasis removed) (citation omitted); *see also Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1142 (C.D. Cal. 2015) (citing *id.*) (holding the court "[could not] grant defendants' motion for judgment on the pleadings" until all defendants had filed answers).

2.  Malnes's claims for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 fail because there was probable cause to arrest him for harassment under Ariz. Rev. Stat. Section 13-2921.  *Fortson v. L.A. City Attorney's Office*, 852 F.3d 1190, 1194 (9th Cir. 2017) (citations omitted); *see also Yousefian v. City of*

---

[1] This memorandum refers to the following parties as the "Arizona Defendants": City of Flagstaff, Michelle D'Andrea, Robert Brown, Kevin Treadway, Bradley Battaglia, Todd Bishop, and Bill Burke.

It refers to the following parties as the "Louisiana Defendants": Christine Devine, Larry Zerangue, Joey Sturm, Patricia Cottonham, Jennifer Vaught, Jordan Kellman, Jo Davis-McElligatt, Aaron Martin, John Laudun, Shelley Ingram, Claiborne Rice, James McDonald, Joseph Adriano, John Greene, Christine Brasher, and Joseph Savoie.

*Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (citations omitted). "The insufficiency of [his] allegations to support a [§] 1983 violation [further] precludes a conspiracy claim [under § 1985] predicated [on] [those] same allegations." *Cassettari v. Nev. Cty., Cal.*, 824 F.2d 735, 739 (9th Cir. 1987) (citation omitted).

3. Malnes fails to state a claim for intentional infliction of emotional distress because his arrest for harassment "[was] lawful," and hence, could not constitute the "extreme or outrageous" behavior required to establish the tort. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 496 (Ariz. Ct. App. 1995); *see also Joseph v. Markovitz*, 551 P.2d 571, 575–76 (Ariz. Ct. App. 1976) (finding the "filing of [a] third-party complaint" that was based on probable cause and subsequently dismissed "[did] not [come] within the purview of extreme and outrageous conduct").

4. Malnes cannot claim defamation as to the police reports because they are "[s]ubstantial[ly] tru[e]." *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 449 (Ariz. Ct. App. 2015) (citing *Fendler v. Phx. Newspapers, Inc.*, 636 P.2d 1257, 1261–62 (Ariz. Ct. App. 1981)); *see also Godbehere v. Phx. Newspaper, Inc.*, 783 P.2d 781, 787 (Ariz. 1989) (citation omitted). He cannot claim invasion of privacy because he does not allege the reports were "communicat[ed] . . . to the public at large" and therefore published for purposes of this cause of action. *Hart*

3

*v. Seven Resorts, Inc.*, 947 P.2d 846, 854 (Ariz. Ct. App. 1997) (emphasis removed) (citation and internal quotation marks omitted).

5. The district court did not abuse its discretion in denying Malnes leave to amend his claims. Permitting amendment here would have been "futil[e]," caused "undue delay," and "undu[ly] prejudice[d] . . . the opposing part[ies]." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

6. Given we have "affirm[ed] the district court's grant of [judgment on the pleadings,] . . . a reversal of its denial of [Malnes's request for a temporary restraining order] would have no practical consequences." *Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992). "Accordingly, we dismiss [Malnes's request] as moot." *Id.*

**AFFIRMED IN PART AND DISMISSED IN PART.**

4