[Civ. No. 10716. Second Appellate District, Division One.—July 31, 1936.]

MISS M. HEUER, Appellant, v. ROBERT H. KEE, Respondent.

Gladys Towles Root, S. S. Hahn, W. O. Graf and Phi O. Clough for Appellant.

James M. Carter for Respondent.

WHITE, J., *pro tem.*—Plaintiff brought this action to recover damages for certain alleged libelous and defamatory matters published of and concerning her in a resolution prepared by defendant and presented to and published before the George Washington Chamber of Commerce, at an open and public meeting thereof convened for a lawful purpose. The cause proceeded to trial before the court, sitting without a jury, and judgment was rendered against plaintiff and in favor of defendant. From the judgment so entered plaintiff prosecutes this appeal.

The record discloses that appellant was a teacher in the Los Angeles city school system, was a long-time resident of said city, where she enjoyed a good reputation as a teacher. At the time of the alleged libelous publication, appellant was teaching in the Woodcrest school in Los Angeles city. In March of 1933 it appears that appellant, while correcting Leo Jones, a nine-year-old pupil in her class, caused one of the boy's teeth to be broken. The pupil, Leo Jones, sued the appellant in the Municipal Court of Los Angeles and

recovered damages for the injuries sustained at the hands of the appellant. The municipal court action was tried in December, 1933, at which time there appeared in the metropolitan press of Los Angeles accounts of the trial and judgment therein. The following is a fair example of such newspaper publicity:

## "TEACHER MUST PAY
## $200 TO PUPIL FOR
## HIS BROKEN TOOTH

"For improper disciplinary measures used on one of her pupils, Mrs. M. A. Heuer, fourth grade instructor at the Woodcrest Public School, was ordered by Municipal Judge James H. Pope to pay $200 to Mrs. Margaret Jones, 1237 West 109th Street.

"Mrs. Jones sued the teacher on behalf of her son, Leo, 9, who testified that he had looked over his shoulder at the girl back of him following a spelling test to see her mark when the teacher pushed the back of his head, breaking a tooth on the rear of the seat.

"Mrs. Heuer explained that Leo had been annoying the girl behind him; so she went to his seat and turned his head back to the front gently. A classmate, Donald Palmer, 8, of 1341 West 107th Street, told the court that he saw their teacher give Leo's head a shove, causing him to bump the seat back."

The record indicates that respondent read these newspaper accounts; that he was the father of two boys who were pupils in the school where appellant taught. The alleged libelous publication, in the form of a resolution introduced at the meeting aforesaid by respondent, reads as follows:

"Whereas Miss M. A. Heuer, a teacher in the Woodcrest School has on several occasions shown a lack of self control in the class room.

"Whereas, this lack of self control has manifested itself in the handling of pupils committed to her care by undignified actions and sometimes brutal treatment of children, and

"Whereas, the public press reports that the Municipal Court has rendered a judgment against her for the mistreatment of a pupil, and

"Whereas, the usefulness of Miss M. A. Heuer as a teacher in the Woodcrest School or in any school in this locality has ceased, now therefore

"Be it resolved, that the Board of Governors of the George Washington Chamber of Commerce at its regular meeting held on December 18, 1933, at the Community Hall at 107 St. and Normandie Avenue, does hereby respectfully request the Board of Education of Los Angeles School District to transfer Miss M. A. Heuer to a school outside this locality as soon as possible and not later than the beginning of the next school term."

The trial court found that the matter contained in the resolution was true; that the respondent acted in good faith and without malice; and that the publication came within the rule of qualified privilege, as set forth in section 47 of the Civil Code. There was a further finding that appellant suffered no damage whatever by reason of the publication.

▉ Appellant first challenges the correctness of the judgment on the ground that the finding of the trial court of brutal conduct on the part of appellant toward her pupils finds no support in the evidence. This claim is without merit, for the reason that the record contains testimony that in the conduct of her classes appellant would pull the hair of pupils, take hold of them and shake them; that she seized a pupil and pushed the child's nose up, took hold of a pupil by the hair and hit the child's head up against the wall three or four times. Conceding a conflict between this and other evidence, nevertheless, it is of such substantiality as to support the trial court's finding thereon and make the same conclusive herein.

Appellant next assails the judgment on the ground that the record is barren of any evidence to support the court's findings that the publication was made in good faith and without malice by respondent. In support of this contention appellant urges that in his resolution which constituted the publication herein respondent overstated and colored the true facts.

Two sections of the Civil Code are involved in this proceeding; section 45 thereof, specifying that libel is a false and unprivileged publication which has a tendency to expose anyone to hatred, contempt, ridicule, etc.; and subdivisions 3 and 5 of section 47, relating to privileged communications.

These subdivisions eliminate from the law of libel a communication without malice to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information; by a fair and true report, without malice, of the proceedings of a public meeting, if such meeting was lawfully convened for a lawful purpose and open to the public, or when the publication of the matter complained of was for the public benefit.

 It is well settled that a defendant is not required in an action of libel to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting, of the libelous charge be justified; and if the gist of the charge be established by the evidence the defendant has made his case. "A plea of justification is sustained by justifying so much of the defamatory matter as constitutes the sting of the charge. It is unnecessary to repeat and justify every word of the alleged defamatory matter if the substance of the charge be justified. If the substantial imputations be proved true, a slight inaccuracy in the details will not prevent a judgment for the defendant, if the inaccuracy does not change the complexion of the affair so as to affect the reader of the article differently than the actual truth would." (Sutherland on Damages, vol. 3, p. 2626; *Kurata* v. *Los Angeles News Pub. Co.*, 4 Cal. App. (2d) 224, 227 [40 Pac. (2d) 520].) It is not the mere fact that a difference exists between the published report of what the newspaper articles charged and what was actually set forth in the newspaper articles; but rather, is the difference of a substantial character, and does it produce a different effect.

 It seems clear to us that the published article was a fair and substantial account of what appeared in the public press in connection with the municipal court trial, and the trial court was justified under the evidence in so holding.

 We are of the opinion that the trial court was justified in finding that the publication here in question came within the qualified privilege provided by subdivisions 3 and 5 of section 47 of the Civil Code. The evidence shows that respondent had children in the school in which appellant taught; that the groups to which the resolution was pub-

lished were the local chamber of commerce and the board of education of the Los Angeles city school district. The local chamber of commerce was made up of citizens of the community, and the board of education was charged by law with carrying on the work in the schools, and particularly the assignment of teachers. The conduct of appellant in the discharge of her duties as a teacher was a matter of public concern, and there was sufficient evidence to justify the trial court in concluding that the publication of the matter complained of was, in the instant case, for the public benefit.

■ The existence of malice was a question of fact for the trial court, and there being in the record substantial evidence to justify the finding of the trial court that the publication here in question was made without malice, such holding cannot be disturbed by a reviewing court on appeal.

■ Appellant finally contends that the finding of the trial court that appellant suffered no damages whatsoever as the result of said publication is not supported by the evidence. It would unduly prolong this opinion to here detail the testimony adduced on this issue. Suffice it to say, that we have read the record, and it is our opinion that the same contains sufficient evidence to amply support the holding of the trial court thereon.

For the foregoing reasons, the judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.