BARNES, Judge,
dissenting with opinion.
I agree that Brandom’s statements related to an issue of public interest. I dissent, however, from the majority’s holding that genuine issues of material fact exist regarding Brandom’s good faith. As a result, I conclude that the trial court’s denial of Brandom’s motion to dismiss should be reversed.
A defendant is entitled to dismissal of a lawsuit under the anti-SLAPP statute if the act or omission complained of is, in part, “an act or omission taken in good faith and with a reasonable basis in law and fact.” Ind.Code § 34-7-7-5(2). Coupled contends that Brandom cannot show good faith regarding the following statement from the newspaper article:
Initially, the company asked the workers to surrender their sickness and accident pay, their bereavement pay, and a $1 an hour raise as well as dental and life insurance. When union leaders balked, the company scaled back its request to just the dental and life insurance, but when that was submitted to the rank and file for a vote, they turned it down by a 92-4 margin.
Appellant’s App. p. 16. However, in support of her motion to dismiss, Brandom designated her affidavit, which provided:
13. The meeting continued and Tina [Johnson] talked about the need for us to make concessions. She told us that our benefits were better than those paid to the workers at the Upper Sandusky plant. She spelled out the difference in the cost of our Sickness and Accident Pay Benefit, the Bereavement Pay Benefit, the Dental Insurance Benefit, and the Life Insurance Benefit, as well as the dollar-an-hour raise we had gotten when the contract was ratified. I understood that Tina Johnson wanted concessions from us concerning these benefits to cover the cost of the move.
14. The next day, September 1, 2009, Tina Johnson sent a letter to our UAW International Representative, Jeff Shrock and the union, specifically asking us to give up our dental and life insurance benefits....
******
21. The statement in the article regarding concessions sought by Coupled Products was not attributed to me. The exact phrasing of the statement was the reporter’s own. I did communicate to the reporter that Coupled Products sought additional concessions in return for the move of work to Columbia City. Possible concessions that were discussed included the company-provided bereavement pay, sickness *392 and accident pay, dental insurance, life insurance, and a $1 an hour raise. The fact that these possible concessions were discussed is true. I communicated the discussions to the reporter in good faith and without malice.
Id. at 19, 21.
According to Coupled, Brandom’s state of mind “could not have indicated honesty and lawfulness of purpose” because, when she talked to the reporter, she knew that Coupled was asking for concessions only regarding the employer portion of the dental and life insurance benefits. Appellee’s Br. p. 14. Coupled designated evidence that, although differences between the benefits received by employees at the Coupled’s union and non-union facilities were discussed during negotiations, it formally requested concessions only on the employer contribution to the life and dental insurance.
I cannot conclude that this evidence establishes that Brandom acted in bad faith or without a reasonable basis in law and fact. The “actual malice standard ... protects those negligent or careless false statements of fact that are inevitable in free debate, as is required by the Constitution.” Love v. Rehfus, 946 N.E.2d 1, 15 (Ind.2011). “Minor inaccuracies do not amount to falsity so long as ‘the substance, the gist, the sting, of the libelous charge be justified.’ ” Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517, 111 S.Ct. 2419, 2433, 115 L.Ed.2d 447 (1991) (quoting Heuer v. Kee, 15 Cal.App.2d 710, 714, 59 P.2d 1063, 1064 (1936)).
The difference between “discussing” concessions and “asking” for concessions is a mere matter of semantics that should not be used to chill free speech. The same can be said about the difference between surrendering life and dental insurance versus surrendering the employer contribution to the life and dental insurance. We are viewing here an important economic issue not only to the actual workers at the plant in question, but also to the entire citizenry of Whitley County. The good faith requirement should and must be present, but in this context, with collective bargaining in play, I believe Brandom’s conversation with the reporter was had in good faith. Remember, too, there is no direct quote in the article in question, and the reporter was free to, and undoubtedly did, capsulize, summarize, and characterize the conversation. In my view, the anti-SLAPP statute provides protection in such instances. I believe Brandom was entitled to her dismissal and protection under the statute.