[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10509
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60882-AJ


ABDELAZIZ BILAL HAMZE,

Plaintiff-Appellant,

versus

SERGEANT SPENCER STEELE,
Employed as jail staff at Broward main jail,
CCN #6393,
DEPUTY JAMES ANDERSON,
Employed as jail staff at Broward main jail,
CCN #8105,
DEPUTY RICHARD RIVERA,
Employed as jail staff at Broward main jail,
CCN #8386,
DEPUTY MCDOWELL,
Employed as jail staff at Broward main jail,
CCN #14308,
DEPUTY BRUCE CARSON,
Employed as jail staff at Broward main jail,
CCN #3971, et al.,

Defendants-Appellees,

CHARLES JONES,
Employed as jail staff at Broward main jail,
CCN #12484,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Abdelaziz Bilal Hamze appeals pro se the dismissal without prejudice of his

complaint against officers of the Broward County Jail.  See 42 U.S.C. § 1983.

Hamze complained about assault and endangerment by the officers, but the district

court ruled that Hamze had failed to exhaust his available administrative remedies

under the Prison Litigation Reform Act.  See 42 U.S.C. § 1997e(a).  Hamze

challenges the dismissal of his complaint and the denial of his motions for leave to

amend the complaint and for the appointment of counsel.  We affirm.

The district court did not err by dismissing Hamze's complaint without

prejudice for failure to exhaust.  Although the evidence submitted by the officers

and Hamze was conflicting, we cannot say that the district court clearly erred when

it found that Hamze had failed to exhaust his administrative remedies.  See Bryant

v. Rich, 530 F.3d 1368, 1374–76 (11th Cir. 2008).  Hamze averred in an affidavit that he had filed a grievance form complaining about twice being assaulted by officers in January 2008, but the officers submitted an affidavit from the custodian of jail records establishing that Hamze had not filed a grievance reporting the assaults, despite filing grievances about five other minor incidents.  And Hamze failed to introduce the grievance form, even though each form provided a copy for the inmate to keep.  Hamze also averred that he had filed a grievance about being injured in September 2008 after officers placed him in a cell with an inmate who was violent and knew Hamze's victim, but Hamze's grievance complained only of being "placed with other inmates . . . in violation of [his] protective custody" and did not mention an assault or being incarcerated with a particular inmate.  See Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).  Hamze also failed to file that grievance within five days of the alleged assault, as required by the jail procedures, see Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005), and he did not appeal to the jail administrator after being denied relief by a member of the staff.  Hamze argues that compliance with jail procedures would have been futile and the officers received actual notice of his grievances during an internal affairs investigation, but Hamze knew of and was required to "comply with the grievance procedures established by [the jail] before filing a federal lawsuit under section 1983," Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

3

The district court did not abuse its discretion when it denied Hamze's first and second motions for leave to amend his complaint.  The district court reasonably determined that Hamze's proposed amendments would unfairly prejudice the officers.  See Technical Res. Servs., Inc. v. Dornier Med. Sys., Inc., 134 F.3d 1458, 1463 (11th Cir. 1998).  Hamze's first motion sought to add an additional four officers and six unknown officers of the jail and South Florida Reception Center based on six allegations of assault and endangerment unrelated to the claims in his original complaint.  Hamze's second motion sought to add another five officers of the jail based on six more alleged incidents of endangerment and falsification of an incident report.  Hamze filed his second motion on the day before the deadline expired to amend the pleadings and complete discovery, and after the district court had twice extended the deadline at Hamze's request.  And Hamze failed to explain why he had not included the allegations of his proposed amendments in his original complaint.

The district court also did not abuse its discretion when it denied Hamze's motions for appointment of counsel.  Hamze's case did not involve any "exceptional circumstances justifying appointment of counsel."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).  Hamze witnessed the incidents about which he complained; his facts and issues were not novel or complex; and he had filed coherent pleadings, obtained extensions of time, and responded timely to rulings

4

by the district court.  Hamze sought assistance to retain and interview an expert witness to explain his injuries, but his injuries were relatively easy to describe.

We **AFFIRM** the dismissal of Hamze's complaint.