**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEN L. FORTSON,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>LOS ANGELES CITY ATTORNEY'S OFFICE; CALIFORNIA DEPARTMENT OF JUSTICE, Bureau of Firearms; CITY OF LOS ANGELES POLICE DEPARTMENT; CARMEN A. TRUTANICH, individual and City Attorney, official capacity; BERNIE BROWN, individual and Supervising Attorney, official capacity; VICTOR BROWN, individual and Detective II, Serial No. 30082, official capacity; RICK TOMPKINS, Detective Supervisor of Gun Unit, No. 27904, official capacity; WONG, L.A.P.D. Police Officer II, No. 21883, official capacity; HERNANDEZ, L.A.P.D. Police Officer II, No. 36039, official capacity; ROSS, L.A.P.D. Police Officer III, No. 25445, official capacity; HIGA, D.O.J. Agent, official capacity; TORRES, D.O.J. Agent, official capacity; MEJIA, D.O.J. Agent, official capacity; MALAIKA COLE, individual and L.A. | No. 15-55497<br><br>D.C. No.<br>2:12-cv-05256-MWF-SP<br><br><br>OPINION |

City Attorney, official capacity;
ALIN CEM CEM SAHAGIAN,
individual and L.A. City Attorney,
official capacity; GREGORY ALAN
DORFMAN, individual and L.A. City
Attorney, official capacity; CAROL
PARSZIK, Special Agent/Supervisor,
official capacity; KOSAL BUN,
Individual and Los Angeles Police
Officer, No. 33600,official capacity,
*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 6, 2017[*]
Pasadena, California

Filed April 7, 2017

Before: Mary M. Schroeder, Andre M. Davis,[**]
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Schroeder

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Andre M. Davis, United States Circuit Judge for the Fourth Circuit, sitting by designation.

# SUMMARY***

## Civil Rights

The panel affirmed the district court's dismissal of an action brought under 42 U.S.C. § 1983 alleging that law enforcement officials violated plaintiff's Second Amendment rights by seizing firearms and ammunition he kept in his home, and then prosecuting him for unlawful possession.

Plaintiff previously had been convicted of misdemeanor domestic violence, which under California law, automatically triggers a ten-year prohibition on the ownership or possession of firearms and ammunition. The panel noted that this Court upheld a more restrictive federal lifetime ban for persons convicted of misdemeanor domestic violence in *United States v. Chovan*, 735 F.3d 1127, 1139–1141 (9th Cir. 2013). Applying *Chovan*, the panel upheld California's 10-year ban and determined that it was validly applied to plaintiff.

The panel rejected plaintiff's claims that he was falsely arrested and maliciously prosecuted. The panel concluded that since the record reflected that plaintiff's arrest and prosecution were based on probable cause that he possessed the weapons unlawfully, he necessarily could not be granted relief on these claims. The panel further rejected plaintiff's claims that his Fifth and Fourteenth Amendment rights were violated because he was never read a warning regarding his rights per *Miranda v. Arizona.* Finally, the panel rejected

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plaintiff's official-capacity claims, determining that the California Bureau of Firearms was immune from suit under the Eleventh Amendment, and that plaintiff had not sufficiently alleged an underlying constitutional violation against the Los Angeles Police Department.

## COUNSEL

Benjamin L. Fortson, Lake Los Angeles, California, pro se Plaintiff-Appellant.

Michael N. Feuer, City Attorney; Paul L. Winnemore, Deputy City Attorney; Office of the Los Angeles City Attorney, Los Angeles, California; for Defendants-Appellees.

## OPINION

SCHROEDER, Circuit Judge:

This appeal challenges the constitutionality of California's ten-year ban on possession of firearms after a conviction for misdemeanor domestic violence. Plaintiff Benjamin Fortson appeals the dismissal of his action under 42 U.S.C. § 1983 for failure to state a claim. He contends that the Los Angeles Police Department, the Los Angeles City Attorney's Office, the California Bureau of Firearms, and individual officers, agents, and attorneys violated his Second Amendment rights by seizing firearms and ammunition he kept in his home, and then prosecuting him for the unlawful possession of firearms and ammunition. Fortson had previously been convicted of misdemeanor domestic violence, which under California law, automatically

triggers a ten-year prohibition on the ownership or possession of firearms and ammunition. Fortson's sentencing judge gave him a partial exception so Fortson could keep and possess firearms at his place of work as an armed security guard.

Fortson challenges the California law both facially and as applied to him. Since we have already upheld the more restrictive federal lifetime ban for persons convicted of misdemeanor domestic violence, we now must uphold the California law as well. *See United States v. Chovan*, 735 F.3d 1127, 1139–41 (9th Cir. 2013). We also hold that the law was validly applied to Fortson.

Fortson additionally maintains that defendants violated his Fourth and Fourteenth Amendment rights by falsely arresting him and maliciously prosecuting him. Since the record reflects that his arrest and prosecution were based on probable cause that he possessed the weapons unlawfully, he necessarily cannot be granted relief on these claims. *See Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) (holding that the existence of probable cause is a complete defense to a § 1983 claim alleging false arrest); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009) (holding the same for malicious prosecution).

Fortson also claims a violation of the Fifth and Fourteenth Amendments because he was never read a warning regarding his rights per *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* claims, however, are not cognizable under 42 U.S.C. § 1983. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Lastly, Fortson brings official-capacity claims against the Los Angeles Police Department, Los Angeles City Attorney's Office, and the California Bureau of Firearms. The

California Bureau of Firearms, however, is immune from suit under the Eleventh Amendment.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Fortson's official-capacity claims against the Los Angeles Police Department also fail because Fortson has not sufficiently alleged an underlying constitutional violation or otherwise identified an official policy or custom that was the "moving force" behind a potential constitutional violation.  *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  We therefore affirm the judgment of the district court.

## BACKGROUND

Benjamin Fortson was convicted of a single count of misdemeanor domestic abuse in violation of Cal. Penal Code § 243 on September 25, 2009.  Under  California law, a conviction for Cal. Penal Code § 243 triggered Cal. Penal Code § 12021(c)(1),[1] which makes it a misdemeanor to own, purchase, receive, or have in one's custody or control any firearm for a period of ten years.  Fortson's employment, however, was as an armed security guard, and, in light of this, the sentencing court entered a modification specifically allowing him to use and keep a weapon while at work. Fortson was not allowed to have weapons at his home or in his possession when not at work.

On April 13, 2011, Fortson returned to court because he had satisfied all the affirmative obligations of his sentence. Under Cal. Penal Code § 1203.4, his domestic violence conviction was vacated and his probation and protective order

---

[1] California has since made minor changes to this law and changed its codification; the current version can be found at Cal. Penal Code § 29805.

were terminated. Fortson changed his plea from nolo contendere to not guilty, and the case was dismissed. Fortson apparently, but incorrectly, believed this restored his right to keep and possess firearms at home, and he soon acquired two guns and some ammunition.

The California Bureau of Firearms ("BOF") routinely runs an automatic nightly computer check to determine if any prohibited persons are in unlawful possession of firearms. One of these checks flagged Fortson. Per BOF policy, BOF agents accompanied by Los Angeles Police Department ("LAPD") officers arrived at Fortson's home on August 24, 2011. Under BOF policy, the officers were to inform Fortson that they had reason to believe he was in unlawful possession of firearms, and request permission to enter and seize them; if permission was denied, the officers were to return with a warrant.

When the officers arrived at Fortson's home they demanded his weapons. Fortson repeatedly maintained that he was allowed to keep and possess firearms at home under his sentencing order. Over his objections and after restraining him, the officers seized the weapons. Fortson was later charged with violating the ten-year ban on owning firearms and ammunition, but these charges were eventually dropped in the furtherance of justice.

Fortson filed this Section 1983 action in 2012. The district court dismissed the individual prosecutors and City Attorney's office on grounds of absolute prosecutorial immunity and dismissed the BOF on sovereign immunity grounds. It also dismissed Fortson's facial challenge to California's ten-year prohibition, but gave Fortson leave to file an amended complaint to state an as applied challenge.

Fortson filed his amended complaint, bringing individual- and official-capacity claims based on violations of the Second Amendment both facially and as applied, as well as a *Miranda* claim, and claims of false imprisonment and malicious prosecution.  The district court then dismissed all these claims with prejudice.  A Fourth Amendment claim of unlawful search against the BOF agents and LAPD officers in their individual capacities survived the motion to dismiss.  Fortson, however, agreed to voluntarily dismiss that claim without prejudice so that he could pursue this appeal.

## DISCUSSION

Fortson argues that California's ten-year ban is facially invalid under the Second Amendment.  In the alternative, he contends that the sentencing court did not impose the full ten-year ban, so that the seizure of his guns as violating the ten-year ban was unconstitutional as applied to him.  The precedential legal issue is the constitutionality of the ten-year ban.  Our decision is controlled by our circuit precedent upholding an even stricter federal ban.

In *United States v. Chovan*, we upheld 18 U.S.C. § 922(g)(9) against a challenge to its validity under the Second Amendment.  That law imposes a lifetime ban on firearm ownership for those convicted of misdemeanor domestic violence.  Applying intermediate scrutiny, we noted that the "core of the Second Amendment is 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home.'"  *Chovan*, 735 F.3d at 1138 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 635 (2008)).  The federal lifetime ban thus does not implicate the core of the Second Amendment because it "regulates firearm possession for individuals with criminal convictions."  *Id*.

We went on to observe that the ban did, however, place a "quite substantial" burden on "domestic violence misdemeamants' rights." *Id.* Nonetheless, we noted that the federal ban "advances an important government objective . . . [of] preventing *domestic* gun violence." *Id.* at 1139 (emphasis in original). Looking to the purpose and history of the federal ban, we held that domestic violence has a high rate of recidivism, and when a gun is used, domestic violence is far more likely to result in the victim's death. Thus, there is a reasonable fit between preventing domestic gun violence and preventing domestic abusers from possessing or using guns. In light of this, we held that the federal lifetime ban was substantially related to the important government interest. *See id.* at 1139–40 (noting the "high rate of domestic violence recidivism," the use of firearms in "roughly 65% of [domestic violence] murders," and that "the use of guns by domestic abusers is more likely to result in the victim's death").

California's ten-year ban advances the same government interest and is substantially related to that interest for the reasons we identified in *Chovan*. Indeed, it is far less restrictive and less burdensome on domestic violence misdemeanants' rights in that it only restricts ownership, use, or possession of firearms for ten years, rather than for life. Thus, as we held with respect to the federal lifetime ban, "the statute passes constitutional muster under intermediate scrutiny." *Id.* at 1141.

In Fortson's as-applied challenge, he argues that the ban does not apply to him. He appears to be under the misapprehension that because his sentencing court did not specifically notify him that the ban on keeping or using firearms in his home lasted ten years, it was coterminous with

his probation. This is not so. The prohibition attached automatically, and though it has a notice requirement, lack of notice is not a defense. *See* Cal. Penal Code § 29810. Though his sentencing court granted Fortson an exception to the ban so he could use and keep guns for his job, the exception was applied only to his possession of guns at his place of work. Fortson alleged no other facts about himself and his background that would distinguish him from any other domestic violence misdemeanant, and thus his as-applied challenge fails. *See Chovan*, 735 F.3d at 1142; *see also Binderup v. Att'y Gen. United States of America*, 836 F.3d 336, 346 (3d Cir. 2016) (en banc) (holding that a plaintiff must allege facts that distinguish him from the typical person the ban applies to in order to state an as applied claim).

Fortson's other claims were also correctly dismissed. The malicious prosecution and false arrest claims necessarily fail because his arrest and prosecution were supported by probable cause. *See Dubner*, 266 F.3d at 964 ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."); *Lassiter*, 566 F.3d at 1054–55 ("[P]robable cause is an absolute defense to malicious prosecution."). Fortson's arrest and prosecution followed the discovery of his unlawfully possessed guns and ammunition. Although the search that uncovered his guns may have been unlawful, evidence recovered can nevertheless create probable cause sufficient to defeat subsequent claims of malicious prosecution and unlawful arrest/imprisonment. *See Lingo v. City of Salem*, 832 F.3d 953, 959–60 (9th Cir. 2016) (rejecting the argument that "probable cause to arrest may be supported only by information that was obtained in accordance with the Fourth Amendment"). Here, the officers

actually knew that Fortson had guns and ammunition because the officers found them, and the officers had reason to believe, based on the BOF flag, that he was prohibited from possessing them. *See Dubner*, 266 F.3d at 966 ("Probable cause exists when, under the totality of the circumstances known to the arresting officers . . ., a prudent person would believe the suspect had committed a crime."). The district court properly dismissed his malicious prosecution and false arrest claims.

The *Miranda* claim also fails because the Supreme Court has held that failure to give *Miranda* warnings does not create liability in a civil rights action. *Chavez*, 538 U.S. at 772.

The district court also properly dismissed Fortson's official-capacity claims against the Los Angeles City Attorney's Office, LAPD , and the BOF. The district court correctly concluded that the BOF is immune from suit under the Eleventh Amendment. *See Will*, 491 U.S. at 66. Further, Fortson's official-capacity claims against the LAPD also fail because he has not sufficiently alleged an underlying constitutional violation or otherwise identified an official policy or custom that was the "moving force" behind a potential constitutional violation. *See Yousefian*, 779 F.3d 1016; *Monell*, 436 U.S. at 69.

For the foregoing reasons, the district court properly dismissed Plaintiff's claims.

**AFFIRMED**.