**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, | No. 20-35016 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05779-RBL |
| v. | |
| RONALD SMARR, Trooper; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| WASHINGTON STATE PATROL; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Clayton Ernest Longacre appeals pro se from the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment and dismissal order in his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of the suspension of his driver's license and subsequent arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (summary judgment); *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal for failure to state a claim). We affirm.

The district court properly granted summary judgment for defendant Smarr because Longacre failed to raise a genuine dispute of material fact as to whether Smarr lacked probable cause to arrest Longacre, or whether Smarr caused Longacre to be falsely imprisoned and denied telephone access. *See Fortson v. L.A. City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (probable cause is a complete defense to a § 1983 claim alleging false arrest); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (in a § 1983 action, the plaintiff must demonstrate that the defendant's conduct caused the claimed injury by establishing both causation-in-fact and proximate causation). The district court did not abuse its discretion in considering video evidence submitted by Smarr in support of his motion for summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (consideration of evidence where the content is likely admissible at trial is proper at summary judgment). We reject as meritless Longacre's

contention that res judicata precludes consideration of whether Smarr had probable cause to arrest him.

The district court properly dismissed Longacre's claims against Wilbur & Associates and John Doe (the "Wilbur defendants") because Longacre failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Lowman v. Wilbur*, 309 P.3d 387, 389 (Wash. 2013) (en banc) (elements of negligence claim under Washington law); *Bellevue Farm Owners Ass'n v. Stevens*, 394 P.3d 1018, 1024 (Wash. App. 2017) (elements of abuse of process claim under Washington law); *Rodriguez v. City of Moses Lake*, 243 P.3d 552, 554 (Wash. App. 2010) (elements of malicious prosecution claim under Washington law).

The district court did not abuse its discretion in denying Longacre's request for discovery from the Wilbur defendants. *See Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (setting forth standard of review and stating that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Longacre's motion

to amend his complaint as to the Wilbur defendants. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion in denying Longacre's motion for reconsideration of the dismissal of his claims against the Wilbur defendants because Longacre failed to demonstrate any basis for relief. *See* W.D. Wash. Civ. R. 7(h)(1) (explaining the grounds for reconsideration); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review for a district court's enforcement of local rules).

We reject as meritless Longacre's contentions that the district court failed to liberally construe his complaint and applied incorrect pleading standards.

**AFFIRMED.**