**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI ELLAINA HERMAN, | No. 20-16449 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00397-RM |
| v. | |
| TOWN OF MARANA, a Municipal Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Heidi Ellaina Herman appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Dougherty v. City of*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We affirm.

The district court properly dismissed Herman's claims against the Town of Marana because Herman failed to allege facts sufficient to show that she suffered a constitutional violation as a result of an official policy or custom. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) ("Proof of random acts or isolated events is insufficient to establish custom.").

The district court properly dismissed Herman's claims against Lacaillade and Miller because Herman failed to allege facts sufficient to establish that these defendants personally participated in a violation of her constitutional rights. *See Keates v. Koile*, 883 F.3d 1228, 1241-43 (9th Cir. 2018) (requirements for establishing supervisory liability; "[D]efendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.").

The district court properly dismissed Herman's claims against Alvarez because Herman failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show she is entitled to relief if the complaint's factual allegations "do not permit the court to infer more

than the mere possibility of [the alleged] misconduct"); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam) (stating that an officer has a duty to administer Miranda warnings "only where there has been such a restriction on a person's freedom as to render him 'in custody'"); *Fortson v. L.A. City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (probable cause is a complete defense to a § 1983 claim alleging false arrest).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**