NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DEONARINE,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>MONICA AGUILAR, Erroneously Sued As Lopez; LOPEZ, Police Officer, Los Angeles Police Dept., Serial No. 40598, individual and official capacity; ROSALES, Police Officer, Los Angeles Police Dept., Serial No. 43819, individual and official capacity; MORALES, Sergeant, Police Officer, Los Angeles Police Dept., Serial No. 30184, individual and official capacity; MCNULTY, Lieutenant, Police Officer, Los Angeles Police Dept., Serial No. 35649, individual and official capacity,<br><br>       Defendants - Appellees. | No. 24-3665<br><br>D.C. No.<br>2:22-cv-03353-JLS-ADS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 12, 2025**

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

John Deonarine appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging false arrest against officers of the Los Angeles Police Department. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We affirm.

The district court properly granted summary judgment because the undisputed evidence shows that his arrest was supported by probable cause. *See Fortson v. Los Angeles City Att'y's Off.*, 852 F.3d 1190, 1192 (9th Cir. 2017) (concluding that the plaintiff's false arrest claim failed because his arrest was based on probable cause); *see also Smith v. Agdeppa*, 81 F.4th 994, 997 (9th Cir. 2023) ("When, as here, we have videotape of the events, we view the facts in the light depicted by the videotape." (citation and internal quotation marks omitted)). The district court properly rejected Deonarine's argument that the subsequent finding of factual innocence undermined probable cause. *See Trenouth v. United States*, 764 F.2d 1305, 1307 (9th Cir. 1985) ("[A] peace officer who arrests someone with probable cause and in good faith is not liable for false arrest simply because the innocence of the suspect is later proved." (citation, alteration, and internal quotation marks omitted)); *see also* Cal. Penal Code § 851.8(i)(1) ("Any finding that an arrestee is factually innocent . . . shall not be admissible as evidence

2                                                                           24-3665

in any action.").

The district court did not abuse its discretion in denying Deonarine's request for leave to amend the complaint to add a claim for malicious prosecution because amendment would have been futile. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile." (citations and internal quotation marks omitted)); *see also Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("[P]robable cause is an absolute defense to malicious prosecution.").

The district court did not abuse its discretion in admitting Deonarine's arrest record. *See Hyer v. City & County of Honolulu*, 118 F.4th 1044, 1055 (9th Cir. 2024) ("A district court's evidentiary rulings are reviewed for abuse of discretion."); *see also* Cal. Penal Code § 851.8(k) (providing that records sealed following a finding of factual innocence are admissible into evidence in a civil action filed by the arrestee against the arresting officers).

The district court did not abuse its discretion in denying Deonarine's motion for reconsideration because Deonarine failed to set forth any basis for relief. *See Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020) (setting forth standard of review and grounds for reconsideration).

All pending motions are denied.

**AFFIRMED.**